UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 07-20141
HON. GEORGE CARAM STEEH

EZELL JOHNSON,

    Defendant.

_____/

<u>ORDER DENYING MOTION TO SUPPRESS EVIDENCE (SECOND) (#38),
DENYING AMENDED MOTION TO SUPPRESS EVIDENCE (SECOND) (#43),
AND DENYING MOTION FOR SPECIFIC DISCOVERY (#40)</u>

    Defendant Ezell Johnson moves in separate motions to suppress evidence seized pursuant to a February 22, 2007 search warrant executed at 13611 Fielding Street in Detroit, Michigan. Johnson also moves for additional discovery relative to the search warrant and underlying affidavit. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

    Johnson is charged under a five-count May 1, 2007 First Superseding Indictment with: Count I - felon in possession of a firearm, 18 U.S.C. § 922(g)(1); Count II - possession of cocaine with intent to distribute, 21 U.S.C. § 841(a); Count III - possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); Count IV- threatening a federal law enforcement officer, 18 U.S.C. § 115(a)(1)(B); and Count V - felon in possession of a firearm. Counts I-III arise from a December 8, 2006 search of Johnson's van while parked

in front of 14352 Kentfield, Detroit.  Count IV alleges Johnson threatened an ATF Agent on December 28, 2006.  Only Count V alleging felon in possession of a firearm arises from the warrant-based search of Johnson's Fielding Street home on February 22, 2007.

Johnson filed an earlier motion to suppress evidence on October 31, 2007, challenging the credibility of attestations made by Detroit Police Officer Ryan Connor in paragraph 4 of his February 22, 2007 affidavit underlying the February 22, 2007 search warrant:

> 4.  Ezell Johnson was . . . transported [after arrest] to the northwest district for processing; Ezell Johnson's live in girlfriend Cody Miles was interviewed by Police Officer Joe Dabliz at the scene of the traffic stop.  Cody Miles the [sic] indicated to Police Officer Dabliz that she lives at the Fielding address.  Further, she stated that there currently is cocaine and a handgun located inside the home on Fielding.  Affiant having this information believes that 13611 Fielding is an illicit narcotic operation and seeks to remove narcotics and narcotic related items.

Johnson proffered the affidavit of Cody Miles wherein Miles denied telling Officer Dabliz or his partner Officer Kelly Lucy that drugs, cocaine, or a handgun were located inside the 13611 Fielding address.  This court held a Franks[1] hearing on November 20, 2007 at which Miles was expected to testify, but failed to appear.  Officers Connor, Dabliz, and Lucy testified, and upon assessing their credibility, the court denied the October 31, 2007 motion to suppress on concluding that "the statements were made [by Miles] and were accurately enough reported in the affidavit to support the issuance of the search warrant in this case."  November 20, 2007 Hearing Transcript, at 56; November 20, 2007 Order.

On December 6, 2007, Johnson filed the instant second motion to suppress evidence, arguing that the signature of Wayne County Circuit Judge Ulysses W. Boykin had

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

been forged onto the February 22, 2007 search warrant. At a pre-scheduled December 11, 2007 plea cut-off hearing, the government proffered that the search warrant was obtained from Judge Boykin by telephone, and that Officer Connor had signed the warrant at Judge Boykin's direction. The court directed the parties to submit further briefing on the issue. The government filed a response to the second motion to suppress on December 17, 2007, accompanied by Officer Connor's December 17, 2007 affidavit explaining the process by which he obtained the search warrant. On December 19, 2007, Johnson filed the instant amended second motion to suppress evidence arguing that the government's explanation that state Circuit Court Judge Boykin issued the search warrant by telephone is inconsistent with Officer Connor's Franks hearing testimony that he personally presented the search warrant to a 36th District Court Magistrate. Johnson also argues that the February 22, 2007 search warrant is invalid under Michigan law, specifically M.C.L. § 780.651(4), because the government has not proffered requisite proof that Judge Boykin electronically "signed" the search warrant before it was executed.

Absent a constitutional violation, evidence is not subject to suppression under the exclusionary rule unless "the exclusion furthers the purpose of the exclusionary rule," that is, "to deter police misconduct rather than to punish the errors of judges and magistrates." United States v. Chaar, 137 F.3d 359, 361 (6th Cir. 1998) (citing and quoting United States v. Leon, 468 U.S. 897, 916 (1984)). The defendant has the burdens of both production and persuasion in seeking suppression of evidence, and more than mere conjecture is required to meet this burden. Id. at 363.

In Chaar, a panel of the Sixth Circuit held that a violation of then Federal Rule of Criminal Procedure 41(c)(2)(D) (now Rule 41(d)(3)(B)), requiring that telephonically

3

authorized federal search warrants be recorded, transcribed, and filed with the court, did not merit exclusion of the evidence seized pursuant to a telephonically issued search warrant because the Chaar defendant did not meet his burden of demonstrating that the federal magistrate judge that issued the warrant failed to act in a neutral and detached manner, that the affiant ATF Special Agent lied to obtain the warrant, or that the Special Agent's reliance on the search warrant was neither in good faith nor objectively reasonable. Chaar, 137 F.3d at 364-65. Mere violation of the Court Rule did not merit suppression. Id.

Similar to Federal Rule of Criminal Procedure 41, Michigan statute M.C.L. § 780.651(3) authorizes state judges and state district court magistrates to issue search warrants "by any electronic or electromagnetic means of communication." The statute goes on to provide that:

> The peace officer or department receiving an electronically or electromagnetically issued search warrant shall receive proof that the issuing judge or district court magistrate has signed the warrant before the warrant is executed. Proof that the issuing judge or district court magistrate has signed the warrant may consist of an electronically or electromagnetically transmitted facsimile of the signed warrant or an electronic signature on a warrant transmitted over a computer network.

M.C.L. § 780.651(4). Requiring transmittal of the affidavit to the issuing judge by fax, the administration of an oath over the telephone, the judge's actual signature on the fax form and transmittal of the same to the officer, and the judge's direction to the officer to sign the judge's name to the original warrant form, constitute procedural safeguards against unlawful seizures of evidence. People v. Snyder, 181 Mich. App. 768, 774, 449 N.W.2d 703 (1989).

Analogous to the circumstances in Chaar, Johnson's proof of a violation of the Michigan procedural requirement set forth in M.C.L. § 780.651(4) is insufficient to merit

4

suppression of the evidence seized under the February 22, 2007 search warrant absent proof of a Fourth Amendment violation, that is, proof that state Circuit Judge Boykin failed to act in a neutral and detached manner, that Officer Connor lied to obtain the warrant, or that Officer Connor's reliance on the search warrant was neither in good faith nor objectively reasonable. Chaar, 137 F.3d at 364-65. See also United States v. Malveaux, 350 F.3d 555 (6th Cir. 2003) (recognizing that analysis of state procedural law may be unnecessary where motion to suppress is properly addressed under Fourth Amendment).

Johnson's assertions of forgery and inconsistent testimony on the part of Officer Connor challenge whether Judge Boykin in fact issued the February 22, 2007 search warrant. The Fourth Amendment did not prevent Judge Boykin from delegating the ministerial task of affixing his signature to the search warrant. United States v. Turner, 558 F.2d 46, 50 (2d. Cir. 1977). If, however, neither Judge Boykin nor any other neutral and detached magistrate performed the substantive task of determining probable cause and authorizing the issuance of the February 22, 2007 search warrant, Officer Connor could not have reasonably and in good faith relied upon the search warrant, and the evidence seized under the warrant would be subject to suppression. Chaar, 137 F.3d at 361; Turner, 558 F.2d 46, 50. Johnson has the burden of demonstrating by a preponderance of the evidence that Judge Boykin did not authorize the issuance of the February 22, 2007 search warrant. Id. at 363; United States v. Matlock, 415 U.S. 164, 177 n.14 (1974).

Officer Connor attests in his December 17, 2007 affidavit proffered by the government:

> 9. I contacted Judge Boykin, Magistrate of the 36th District Court, and read the entire affidavit to him over the telephone. I swore to the contents of the affidavit as being true and correct to the best of my knowledge.

5

> 10. Magistrate Judge Boykin expressed his approval of the warrant and instructed me to sign/affix his name to the warrant.

Previously, at the November 20, 2007 <u>Franks</u> hearing, Officer Connor testified:

> Q. And after preparing that affidavit and you were satisfied that it contained probable cause, you then took it to the magistrate at 36th District Court?
>
> A. [by Officer Conner] That's correct.
>
> Q. And the magistrate signed off on the search warrant?
>
> A. That's correct.
>
> Q. And approved?
>
> A. Correct.

November 20, 2007 Transcript, at 41-42.

A comparison of Officer Connor's December 17, 2007 attestations and November 20, 2007 hearing testimony falls well short of establishing by a preponderance of the evidence that Circuit Judge Boykin did not authorize the issuance of the February 22, 2007 search warrant. Officer Connor simply responded "correct" to the government's question that he "took" the affidavit and search warrant to Judge Boykin. Without more, Officer Connor's affirmative response to the question of whether he "took" the search warrant to Judge Boykin, who "signed off on the warrant," is wholly consistent with his attestations that Judge Boykin issued the search warrant telephonically. Officer Connor's mistaken reference to Circuit Court Judge Boykin as a magistrate judge is insignificant. Johnson has not shown by a preponderance of the evidence that Judge Boykin did not in fact perform the substantive task of determining that probable cause existed for issuing the search warrant. Stated differently, Johnson has not met his burden of demonstrating that Judge Boykin did not act as a neutral and detached magistrate in authorizing the issuance of the

search warrant, that Officer Connor lied about the circumstances under which he obtained the search warrant, or that Officer Connor unreasonably and in bad faith relied on the warrant. Chaar, 137 F.3d at 364-65. Johnson's motion for specific discovery, dependent upon a finding of forgery, is not well taken.

For the reasons set forth above, defendant Ezell Johnson's second motion to suppress evidence and amended second motion to suppress are hereby DENIED. Johnson's motion for specific discovery is also hereby DENIED.

SO ORDERED.

Dated: January 3, 2008

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 3, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk