UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Civil Case No. 10-12443
           Criminal Case No. 07-20141
           HON. GEORGE CARAM STEEH

vs.

EZELL JOHNSON,

_____/

<u>AMENDED ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255, DENYING MOTION IN SUPPORT OF LENITY
AND SET ASIDE AND DENYING A CERTIFICATE OF APPEALABILITY AND
CLOSING CASE</u>

## I. INTRODUCTION

On January 9, 2008, defendant was convicted by jury on counts one, two, and three of the first superseding indictment, specifically, felon in possession of a firearm in violation of 18 U.S.C. § 922(g); possession with intent to distribute controlled substance in violation of 21 U.S.C. § 841(a); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On April 14, 2008, the court sentenced defendant to seventy (70) months on count one, concurrent with seventy (70) months on count two, and sixty (60) months consecutive on count three, for a total sentence of one hundred and thirty (130) months. Defendant appealed his conviction and sentence to the United States Court of Appeals to the Sixth Circuit. The Sixth Circuit Court of Appeals affirmed the judgment of this court. *See United States v. Ezell Johnson*, No. 08-1644, 344 Fed. Appx. 254 (6th

Cir. Aug. 31, 2009).

Presently before the court is defendant's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on June 21, 2010.[1] Defendant raises the following claims: (1) ineffective assistance of trial counsel for (a) failing to object to the introduction of defendant's statement to ATF agent Jarrod Marsh that he previously sold narcotics and (b) failing to introduce a videotape into evidence that would have assisted his defense; (2) violation of his Fifth Amendment privilege against self incrimination based on Agent Marsh's alleged failure to provide a *Miranda* warning; and (3) violation of his Fourth Amendment rights due to invalidity of a search warrant that was executed on February 22, 2007. Defendant also filed a supplemental memorandum on August 9, 2010 (Dkt. No. 70) arguing that his sentence on count 3 for violating 18 U.S.C. § 924(c), felon in possession of a firearm in furtherance of a drug trafficking crime, was improperly imposed. The government filed a response opposing defendant's motion to vacate sentence, arguing that defendant's claims lack merit. For the reasons discussed below, the court denies defendant's motion to vacate, set aside or correct sentence.

## II. BACKGROUND

In the early morning hours of December 8, 2006, Detroit Police Department ("DPD") Special Agents William Zeolla and Brandon Seed were patrolling an area in Detroit, Michigan known for drug activity. 1/8/08 Tr. at 10, 30. The officers were informed during their shift's roll call, or debriefing, that the department had received complaints of narcotics

---

[1] On October 22, 2010, defendant filed a motion in support of lenity and set aside asking the court to combine this motion with his § 2255 motion, which the court addresses herein. *See* Dkt. No. 75.

activities occurring in the three-square mile area, known and referred to as 'Kentfield.' *Id.*

Around 3:00 a.m., in an unmarked car, the officers observed a 1997 Dodge minivan parked in front of 14352 Kentfield. *Id.* at 11. The officers could discern an individual, later identified as the defendant, sitting in the driver's seat and a known, female drug user standing at the driver's side door. *Id.* at 12. The officers witnessed what appeared to be a hand to hand drug transaction. *Id.* at 13. The officers pulled their car up so that it was nose to nose with the minivan and used their head lights to illuminate the interior of the vehicle. *Id.* Upon noticing the agents, the female ran away and the defendant got out of the minivan, locked the keys inside, and began to walk away. *Id.* at 15. Officer Seed detained the defendant. *Id.* Officer Zeolla peered into the vehicle and observed a rifle and what amounted to forty-five (45) zip lock bags of a substance later determined to be crack cocaine. *Id.* at 16. Defendant was arrested. *Id.* at 27. During a pat down search, $264.00 was recovered from his person. *Id.* Defendant was transported to DPD's northwest district where he was booked and later interviewed by a federal agent, Jarrod Marsh, from the Bureau of Alcohol, Tobacco, Firearms and Explosives. Before questioning, Agent Marsh advised defendant of *Miranda* rights. *Id.* at 85. During the interview, defendant admitted to selling narcotics in the past. *Id.* at 87.

Defendant was later indicted by the grand jury in a superseding indictment on five charges: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); (4) making a threat against a federal law enforcement officer, in violation of 18 U.S.C. § 115; and (5) felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1).[2] On January 9, 2008, the jury returned its verdict of guilty on counts one, two and three of the first superseding indictment and defendant was sentenced on April 14, 2008 to one hundred and thirty (130) months imprisonment. The Sixth Circuit Court of Appeals affirmed the judgment of this court on August 31, 2009. *See United States v. Ezell Johnson*, 344 Fed. Appx. 254 (6th Cir. Aug. 31, 2009).

### III. STANDARD

A defendant seeking relief under § 2255 "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). When raising claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

### IV. DISCUSSION

#### A. Ineffective Assistance of Counsel

##### i. Failure to Object to 404(b) evidence

Defendant first argues that his counsel was ineffective for failing to object to the introduction of defendant's statement to Agent Marsh that he had sold drugs in the past. Six days prior to trial, the government filed a notice of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b). At trial, prior to calling Agent Marsh and

---

[2] The government dismissed count 5 prior to trial, and the jury acquitted defendant on count 4.

outside the presence of the jury, the government again advised the court and defendant's counsel of its intention to elicit the Rule 404(b) evidence from Agent Marsh in the form of defendant's statement that he had previously sold narcotics. Defendant's counsel did not object to the statement.

> **The Court**.   Any objections filed? Did you have any Mr. Jakuc? Are you familiar with the evidence?
>
> **Mr. Jakuc**:   Yes, I am. Well, I assume this is going to be elicited by Agent Marsh, and to the extent it is admissible through Agent Marsh and is otherwise relevant, I wouldn't have any objections.

1/8/08 Tr. at 80. A single question was asked, "[a]nd did he indicate to you in the interview if he himself sold drugs in the past?" *Id.* at 87. Agent Marsh answered in the affirmative. *Id.* During cross examination, defense counsel questioned Agent Marsh concerning defendant's statement of past narcotics sales:

> Q.  The notes are true and accurate as best as your memory serves you?
> A.  Yes.
> Q.  Can you show me where on those notes it says– states that Johnson has sold narcotics in the past?
> A.  No, I cannot.
> Q.  You can't. It doesn't say that. They were not in the notes?
> A.  During the course of the interview every single word [sic] is not taken down because notes are used to prepare an investigation at a later date. I was aware of the fact that Mr. Johnson told me that he sold narcotics in the past.
> Q.  Without being argumentative, isn't that important to this case, the information that Johnson told you that he sold narcotics in the past?
> A.  Yes, it is, and it is recorded in the reports of investigation.
> Q.  Not in the notes?
> A.  Doesn't have to be.

*Id.* at 104-05.

Ineffective assistance of counsel claims are subject to the two-prong performance and prejudice test set forth by the United States Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  Under the performance prong, defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.* (citing *Strickland,* 466 U.S. at 687-88).  However, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Strickland*, 466 U.S. at 690.  Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Here, defendant's statement concerning prior narcotics sales was admissible under Sixth Circuit precedent.  *See United States v. Johnson*, 27 F. 3d 1186, 1192 (6th Cir. 1994).  The defendant in *Johnson* was convicted of possession of twenty-five grams of cocaine with intent to distribute and argued on appeal that the trial court erred in admitting, under Rule 404(b), evidence of two prior drug sales to a confidential informant. *Id.* at 1189. The *Johnson* court concluded that the evidence of the prior narcotics sales was admissible. *Id.* at 1193.  Specifically,

> [S]ince the government was obligated to prove not only that Johnson possessed the cocaine, but that he did so with the specific intent of distributing it, the government's evidence of similar acts of possession with intent to distribute was admissible[]

*Id.; see also, United States v. Bilderbeck,* 163 F. 3d 971, 977 (6th Cir. 1999).   Counsel has not performed deficiently for failing to object to evidence that is admissible under federal law.  Further, counsel cross examined Agent Marsh and questioned him as to his veracity concerning defendant's statement.  "The benchmark for judging any claim of

ineffectiveness of counsel is whether the conduct of counsel undermined the proper functioning of the adversarial process to the point that the trial could not be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Defendant is not entitled to relief on this claim.

### ii. Failure to Introduce Videotape Evidence

Defendant claims that his counsel was ineffective for failing to ensure that a videotape was entered into evidence. This claim has no merit. There has never been any indication that a videotape exists concerning the events that transpired on December 8, 2006. While DPD Special Agents William Zeolla and Brandon Seed testified that their car had a camera on it, both testified that they had no knowledge as to whether a videotape was created memorializing the events leading up to defendant's arrest. 1/8/08 Tr. at 38, 64-65. Further, the government responds that it is unaware of any videotape evidence in this matter, and that there is no evidence in its possession which was not previously given to defendant to assist with the preparation of his defense. Defendant is not entitled to relief on this claim.

### B. *Miranda v. Arizona*

Defendant next argues that Agent Marsh failed to advise him of his *Miranda* rights prior to questioning him at DPD's northwest district. Defendant did not file a motion concerning this issue prior to trial, nor object during trial to the introduction of his statements made to Agent Marsh based on a failure to abide by the requirements of *Miranda*. Defendant also failed to raise this claim during his direct appeal, therefore this claim is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also, Peveler v. United States*, 269 F. 3d 693, 698 (6th Cir. 2001).

In order for this court to review defendant's claim, defendant must show cause to excuse his failure to raise the claim on direct appeal, and actual prejudice resulting therefrom. *See Bousley*, 523 U.S. at 622; *Peveler*, 269 F. 3d at 698-700. The court may also review a defaulted claim if defendant can demonstrate that error resulted in the conviction of one who is actually innocent. *Bousley*, 523 U.S. at 623. "To establish actual innocence, [defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* Actual innocence means "factual innocence, not mere legal insufficiency." *Id.* Defendant fails to advise this court why he did not raise this issue earlier, thus he cannot demonstrate cause to excuse his default. Further, defendant has not presented any argument or evidence suggesting his factual innocence.

However, even if defendant's claim was not procedurally defaulted, it would not entitle him to relief. To protect an individual's Fifth Amendment privilege against self-incrimination, law enforcement officials must warn the individual prior to beginning interrogation of his right to remain silent, that any statement may be used against him, and that he has a right to counsel, retained or court-appointed. *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966); *United States v. Myers*, 123 F. 3d 350, 359 (6th Cir. 1997). There is no evidence in the record that a Fifth Amendment violation occurred here. Agent Marsh testified at trial that he advised defendant of his rights and provided him a *Miranda* notification form, which defendant initialed.

> Q. And Mr. Johnson was notified of his Constitutional Rights?
> A. He was.
> Q. And did he sign a form indicating that he was advised of his rights and wanted to talk to the police?
> A. He signed a Miranda notification and standard ATF form that was

>    witnesses.
> Q. Who was the officer with you?
> A. Officer Daplis.

1/8/08 Tr. at 84-85. On cross examination, Agent Marsh again stated that defendant was advised of his rights. *Id.* at 109. Further, defendant was provided with a report of investigation summarizing his post-*Miranda* interview and his statement of rights form, which included his initials next to the stated constitutional rights he was waiving. *See* Gov.'s Resp. at 10. The record does not support defendant's claim that his Fifth Amendment rights against self-incrimination was violated. Defendant is not entitled to § 2255 relief on this claim.

### C. Search Warrant

Defendant next claims that the state search warrant which was executed on February 22, 2007 at his residence on Fielding street is invalid because the signature of the magistrate was forged. Defendant filed several motions prior to trial arguing the invalidity of the search warrant. This court denied defendant's motions to suppress on November 20, 2007 and January 3, 2008. Like defendant's *Miranda* claim, this claim was not raised on direct appeal, therefore it is procedurally defaulted. *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also, Peveler v. United States*, 269 F. 3d 693, 698 (6th Cir. 2001). In any event, this claim is moot as defendant suffered no prejudice from any alleged error in the search warrant as the government dismissed count five prior to trial, which involved the evidence seized during the February 22, 2007 search. Defendant is not entitled to relief on this claim.

### D. Sentence

Defendant argues that his sentence on count three for violating 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime, was improperly imposed. This claim likewise lacks any merit. Upon conviction for 18 U.S.C. § 924(c), the statute requires a mandatory minimum term of 60 months imprisonment to be imposed consecutive to any term of imprisonment imposed on the underlying violation. *See* 18 U.S.C. § 924(c)(1)(A). Accordingly, the court imposed the proper sentence of sixty (60) months imprisonment, to be served consecutive to the term of imprisonment on counts one and two of the first superseding indictment. Defendant is not entitled to relief on this claim.

E.  Motion in Support of Lenity and Set Aside or Vacate Sentence Pursuant to 28 U.S.C. § 2255

On October 22, 2010, defendant filed a motion in support of lenity and set aside or vacate sentence pursuant to 28 U.S.C. § 2255. Defendant asks that this motion, which he appears to bring under 18 U.S.C. § 3582, be combined with his § 2255 motion. Defendant argues that he is eligible for a reduction in his sentence based on S. 1789, or the Fair Sentencing Act of 2010 ("FSA"), which became law on August 3, 2010. The FSA changes the quantity of crack cocaine necessary to trigger the mandatory minimum penalties under 21 U.S.C. § 841(b)(1). The new threshold amount required to trigger the five (5) year mandatory minimum sentence is twenty-eight grams. 21 U.S.C. § 841(b)(1)(B)(iii). Possession of 8.72 grams of crack cocaine, the amount that defendant was convicted of possessing with the intent to distribute, now carries a maximum sentence of twenty (20) years with no minimum sentence. 21 U.S.C. § 841(b)(1)(C).

However, defendant is not eligible for a sentence reduction based on the FSA. The Sixth Circuit Court of Appeals has held that defendants convicted and sentenced prior to

the enactment of the FSA are not eligible for a reduction in sentence. *See United States v. Carradine*, 621 F. 3d 575 (6th Cir. 2010).

In *Carradine*, the defendant was convicted and sentenced for possession with intent to distribute nineteen (19) grams of cocaine, prior to August 3, 2010, the date the FSA became law. *Id.* at 577. The defendant argued that the new version of the statute should apply to him, thus he would no longer be subject to the sixty (60) month mandatory minimum as the old version required. *Id.* The Sixth Circuit Court of Appeals rejected this argument, concluding that "[t]he 'general savings statute,' 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Id.* at 580. The FSA does not contain an "express statement that it is retroactive nor can we infer any such express intent from its plain language." *Id.* The *Carradine* court therefore affirmed the sixty (60) month mandatory minimum imposed by the district court. *Id.* Likewise, defendant's sentence on count two for possession of 8.72 grams of crack cocaine with the intent to distribute cannot benefit from the new law because there is no retroactive application of the FSA. *Carradine*, 621 F. 3d at 580.

The court notes that it has reviewed the exhibits attached to defendant's motion in support of lenity and set aside and recognizes defendant's efforts at rehabilitation by successfully completing the Drug Abuse Education Course and the MRSA class among other programs offered at the prison. The court encourages defendant to continue to take advantage of the programs offered to him. However, there is no authority for the court to reduce defendant's sentence under 18 U.S.C. § 3582 or the FSA, therefore his request for a reduction in sentence is denied.

F.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir.1997).

For the reasons set forth above, the court finds that defendant has not shown that his sentence violated his constitutional rights.  The court will not issue a certificate of appealability in this case.

V.  CONCLUSION

Accordingly,

Defendant's motion to vacate, set aside or correct sentence [#67] is DENIED.

Defendant's motion in support of lenity and set aside [#75] is DENIED.

Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [Case No. 10-12443] is DISMISSED with prejudice.  A certificate of appealability shall not issue.

Dated:  June 29, 2011

            S/George Caram Steeh
            GEORGE CARAM STEEH
            UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 29, 2011, by electronic and/or ordinary mail and also to Ezell Johnson at Allenwood Low Security Institution, P.O. Box 1000, White Deer, PA 17887-1000.
S/Josephine Chaffee
Deputy Clerk